## Maryland Casualty Company v. Caplan

*Hyman Rockmaker*, for plaintiff.
*Herbert Sharfman*, for defendant.

HENNINGER, J., February 23, 1937.—This action for the recovery from defendant of an attorney fee for services rendered plaintiff was tried by the court without a jury. From the statements of counsel and the exhibits there offered we make the following

## Findings of fact

1. Maryland Casualty Company, a surety company, at the written request of defendant, entered surety for Northampton Textile Company, an interpleader claimant, in an execution in Northampton County, issued by Cement National Bank against one Aaron Aronsky.

2. In that action Northampton Textile Company failed to substantiate its claim and plaintiff was compelled to pay the value of the interpleaded goods, together with costs, a total of $1,450.29.

3. Plaintiff then engaged Hyman Rockmaker, a member of the bar of Lehigh County, to collect from Morris Caplan on his agreement of indemnity the amount paid out, plus attorney fees for collection of said amount from defendant.

4. Defendant interposed an affidavit of defense raising the question that certain words were inserted in the agreement after its signature and denying that the plaintiff's attorney fee had been or could be paid. Judgment was thereupon entered in favor of plaintiff for $1,450.29, with interest from its payment thereof, for want of a sufficient affidavit of defense.

5. In these proceedings, plaintiff has gone to trial to determine the amount of the attorney fee.

6. No agreement exists between plaintiff and its counsel fixing the amount of such fee, nor has any such fee been paid.

7. The fee payable for such services by the rules of the American Bar Association would be $308.50.

8. The indemnity agreement under which claim is made by plaintiff provides, inter alia, as follows:

"[Line 23] . . . to indemnify the Company from and against any and all liability, loss, costs, damages, attorneys' fees, and expenses . . . [Line 27] in enforcing any of the agreements herein contained . . . [Lines 29 and 30] and in attorneys' fees incurred to recover hereunder from the undersigned."

9. A fee of $150 is fair and reasonable compensation for the services rendered plaintiff in enforcing the indemnity agreement and plaintiff is entitled thereto.

## Discussion

The provision in the indemnity agreement for payment of plaintiff's attorney fees is clear and there is no serious contest as to defendant's liability.

We believe that the figure named in the ninth finding of fact is fair and reasonable compensation for plaintiff's attorney.

In the absence of proof that plaintiff agreed to pay its counsel according to the rules of the American Bar Association they are merely persuasive; even if such an agreement were in existence the court would not be bound thereby, as courts are loath to enforce agreements whereby a borrower agrees to pay the lender's attorneys, and this situation is much the same as that of borrower and lender: Daly v. Maitland, 88 Pa. 384.

While the testimony of plaintiff is uncontradicted, this probably arises from a sense of professional etiquette rather than from full acquiescence on defendant's part, and the burden is on the court to fix a fair compensation.

The court, therefore, makes the following

## Conclusions of law

1. Defendant is legally indebted to plaintiff for attorney fees incurred by plaintiff in the collection of the amount due upon the indemnity agreement existing between them.

2. The sum of $150 is fair and reasonable compensation for such services.

And now, February 23, 1937, the decision of the court trying the above action without a jury is that defendant shall pay to plaintiff the sum of $150 as attorney fees incurred in the enforcement of the indemnity agreement, and that if no exceptions are filed to this decision within 30 days after notice of its filing has been served upon the parties judgment may then be entered in favor of plaintiff and against defendant, in the sum of $150, together with costs.